# IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

| | | |
|---|---|---|
| IDENTITY INTELLIGENCE GROUP, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. N25C-12-161 CEB |
| NEXTTECH HOLDINGS, LLC, and ANCHOR IMPACT GROUP, INC. d/b/a THE ANCHOR GROUP, | ) ) ) ) ) ) | |
| Defendants. | | |

## <u>ORDER</u>

This 26th day of June 2026, the Court enters the following Order:

1. According to the Amended Complaint, Plaintiff Identity Intelligence Group, LLC held member units in Tech Sect Holdings, LLC ("TSH").[1] In February 2025, a purchase of TSH was proposed which included the sale of all TSH units to Defendant Anchor Impact Group, Inc. d/b/a The Anchor Group ("TAG").[2] Under the acquisition agreement, holders of TSH units could elect to receive TAG equity shares for their units or could cash out their TSH units altogether.[3] All of this was

---

[1] Am. Compl. ¶¶ 11-12.
[2] *Id.* ¶13.
[3] *Id.* ¶¶ 13-14.

explained in a presentation to TSH unit holders and in an email from the Chief Executive Officer of TAG.[4]

2.      The merger was approved and an entity called NextTech Holdings, LLC ("NTH") was organized to facilitate the purchase.[5] Plaintiff exercised its right to cash out its TSH units and entered an agreement with NTH for the purchase of Plaintiff's fifteen TSH units for $750,000.[6] Plaintiff alleges that TAG's offer to TSH unit holders included a guarantee of payment for those who elected to receive cash instead of TAG stock.[7] So while the agreement of purchase and sale of TSH units was between the unit holders and NTH, TAG was the guarantor on any payment owed to unit holders. The promissory note was signed by NTH and stated "payments guaranteed by The Anchor Group, Inc. ("TAG")."[8] No payments have been made to date, Plaintiff has received nothing for its TSH units, and has sued NTH and TAG under contract, fraud, and estoppel theories of relief.

3.      NTH has not responded to the Complaint. TAG has responded with this Motion to Dismiss. TAG does not dispute the essentials of Plaintiff's allegations but says the promissory note evidencing the debt is between Plaintiff and NTH, not

---

[4] *Id.* ¶¶ 14-16.
[5] *Id.* ¶20.
[6] *Id.* ¶¶ 21-22.
[7] *Id.* ¶¶ 53-70.
[8] *Id.* Ex. A.

TAG.[9] TAG argues that its CEO's promise to honor the debt of NTH was conditional and Plaintiff failed to meet the conditions.[10] Alternatively, it argues that the promise was merely an "offer" which Plaintiff failed to accept.[11]

4. While not clear that Plaintiff is entitled to judgment, it is clear that TAG is not entitled to a dismissal of the action before it has even filed an answer. Its motion is rife with protestations that Plaintiff has failed to flesh out its allegations with evidence. But Defendant surely knows a motion to dismiss is a premature method for testing bare allegations of the Complaint. The Court is duty bound to read the Complaint in a light most favorable to the non-moving party.[12] The Complaint, fairly read, is that TAG owes Plaintiff money on a guarantee for the payment of the debt of its subsidiary, NTH, and Plaintiff has sued to collect. Defendant's efforts to parse details inevitably requires the Court to examine and weigh facts, which is not the function of a Court on a motion to dismiss.[13]

---

[9] Def. Anchor Impact Group, Inc.'s Mot. Dismiss ¶ 9.

[10] *Id.* ¶12.

[11] *Id.* ¶13.

[12] *Windsor I, LLC v. CWCapital Asset Mgmt. LLC*, 238 A.3d 863, 871 (Del. 2020) (quoting *Deuley v. DynCorp Int'l, Inc.*, 8 A.3d 1156, 1160 (Del. 2010)).

[13] *Doe 30's Mother v. Bradley*, 58 A.3d 429, 445 (Del. Super. 2012) ("[T]he Court will not adjudicate contested issues of fact on a motion to dismiss, nor will it deem a pleading inadequate under Rule 12(b)(6) simply because a defendant presents facts that appear to contradict those plead by the plaintiff.").

5.      Once discovery has been taken, the parties can make what arguments they may about whether material facts are in dispute and who is entitled to judgment as a matter of law.  Mindful of the limited nature of the Court's review of facts alleged in a Complaint, the Motion to Dismiss is **DENIED**.


**IT IS SO ORDERED.**


                                        **/s/ Charles E. Butler**
                                        Charles E. Butler, Resident Judge